**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 38721 & 38722**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 351 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 3, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| LEONARD CHARLES ADAMS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for possession of a controlled substance, <u>affirmed</u>; order revoking probation and requiring execution of unified thirteen-year sentence, with three-year determinate term, for grand theft by possession of stolen property and concurrent unified ten-year sentence, with three-year determinate term, for burglary, <u>affirmed</u>;

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

In Docket No. 38722, Leonard Charles Adams pled guilty to one count of grand theft by possession of stolen property, I.C. §§ 18-2403(4) and 18-2407(1), and one count of burglary, I.C. §§ 18-1401 and 18-1403. In exchange for his guilty pleas, additional charges including an allegation that Adams was a persistent violator were dismissed. The district court sentenced Adams to concurrent unified terms of thirteen years, with minimum periods of confinement of three years, but placed Adams in the retained jurisdiction program. Following completion of the

1

retained jurisdiction, the district court suspended Adams's sentences and placed him on probation.

In Docket No. 38721, Adams pled guilty to one count of possession of a controlled substance. I.C. § 37-2732(c)(1). In exchange for his guilty plea, an allegation that Adams was a persistent violator was dismissed.

As a result of Adams's guilty plea and his admission to violating the terms of his probation, the district court revoked Adams's probation and ordered execution of the previously suspended sentences. The district court reduced Adams's sentence for burglary to a unified term of ten years, with a minimum period of confinement of three years. Thereafter, the district court also imposed a unified sentence of five years, with a minimum period of confinement of two years, for Adams's possession of a controlled substance case. The district court ordered that all of Adams's sentences run concurrently. Adams appeals, contending that the district court abused its discretion in revoking probation and that all three of his sentences are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 326, 834 P.2d at 328; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 326, 834 P.2d at 328.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822

P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Adams's sentences or that his sentence for possession of a controlled substance is excessive. Therefore, Adams's judgment of conviction and sentence for possession of a controlled substance and the order revoking probation and directing execution of Adams's previously suspended sentences are affirmed.