**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 39504/39515**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 439 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  April 9, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JACE STONEY THOMPSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County.  Hon. Jeff M. Brudie, District Judge.

Order revoking probation and requiring execution of concurrent, unified sentences of five years, with two years determinate, for burglary and eluding, <u>affirmed</u>; order revoking probation and requiring execution of concurrent, unified sentence of six years, with three years determinate, for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

In docket number 39515, Jace Stoney Thompson pled guilty to burglary, Idaho Code § 18-1404, and eluding, I.C. § 49-1404(1), (2)(a) and/or (c) and/or (d).  The district court imposed a current, unified sentence of five years, with two years determinate, for each count and retained jurisdiction.  At the conclusion of the period of retained jurisdiction, the district court suspended Thompson's sentences and placed him on probation.  A couple years later, Thompson admitted to violating the terms of his probation and incurred a new criminal charge in docket number 39504.

1

In docket number 39504, Thompson pled guilty to burglary. I.C. § 18-1401. The district court imposed a unified sentence of six years, with three years determinate, and ordered the sentence to run concurrent with Thompson's sentences in docket number 39515.

The district court revoked probation in docket number 39504 and retained jurisdiction in both cases. After a period of retained jurisdiction, the district court suspended Thompson's sentences and placed him on probation. Shortly thereafter, the district court found Thompson violated the terms of his probation. The district court consequently revoked probation and executed Thompson's underlying sentences. Thompson appeals from both cases, which are consolidated on appeal, contending the district court abused its discretion by revoking probation and failing to sua sponte reduce his sentences.

Thompson also challenges the Idaho Supreme Court's orders denying his motions to augment the record on appeal. After the appellate record was settled, Thompson filed a motion to augment the record on appeal with several unprepared transcripts, to which the State objected. The Idaho Supreme Court granted the motion in part and denied the motion in part as to five of the eight transcripts requested. The clerk of the district court erroneously prepared four of the denied transcripts and sent a copy to the parties. Upon review of the denied transcripts, Thompson filed a renewed motion to augment the record on appeal with the denied transcripts. The State again objected, and the Idaho Supreme Court denied the renewed motion.

In his briefs, Thompson contends the denied transcripts are needed for this Court to properly review the issues on appeal and that, by denying his motions to augment the record on appeal, the Idaho Supreme Court violated his rights to due process, equal protection, and effective assistance of counsel. We recently addressed a nearly identical argument in *State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012) where we said:

> We begin by disclaiming any authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. Such an undertaking would be tantamount to the Court of Appeals entertaining an "appeal" from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. Nevertheless, if a motion is, in effect, renewed by the movant, and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the point of its assignment to this Court. Such may occur, for example, if the completed appellant's and/or

2

respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion.

Thompson attempts to distinguish this case from *Morgan* by arguing a review of the denied transcripts shows they are "actually, as opposed to theoretically, relevant to the issues on appeal" because the transcripts speak to mitigation and allocution. However, Thompson has not filed *with this Court* a renewed motion to augment the record, nor has he presented this Court in his briefing any significant new facts or justification for augmentation beyond that already advanced in his motion and renewed motion to the Supreme Court. He is, in substance, asking us to determine that the Idaho Supreme Court violated constitutional law by denying his motions. As that is beyond the scope of our authority, we will not address the issue further.

We now turn to the crux of Thompson's appeal and review the district court's orders revoking Thompson's probation and executing the underlying sentences. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327.

After a probation violation has been established, the court may order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568,

650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking Thompson's probation or in ordering execution of Thompson's underlying sentences without modification. Therefore, the orders revoking probation and directing execution of Thompson's previously suspended sentences are affirmed.