IN THE COURT OF APPEALS OF THE STATE OF IDAHO

**Docket No. 40367/40372/40373**

| | |
|---|---|
| STATE OF IDAHO, | ) 2013 Unpublished Opinion No. 758 |
| | ) |
| Plaintiff-Respondent, | ) Filed: November 20, 2013 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| ANDREW C. MCKNIGHT-OWEN, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bear Lake County. Hon. Mitchell W. Brown, District Judge. Hon. Don L. Harding, District Judge.

Orders revoking probation and requiring execution of concurrent unified six-year sentence with three-year determinate term for grand theft and burglary; eight-year sentence with four-year determinate term for each of two counts of burglary; and five-year sentence with one-year determinate for unlawful possession of a firearm, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge
_____

PER CURIAM

In these consolidated appeals, Andrew C. McKnight-Owen pled guilty to grand theft (Idaho Code § 18-2403(1)) and burglary (I.C. § 18-1401) in Docket No. 40367; two counts of burglary, I.C. § 18-1401 in Docket No. 40372; and unlawful possession of a firearm, I.C. § 18-3316 in Docket No. 40373. In Docket Nos. 40367 and 40372 the district court imposed a concurrent unified six-year sentence with a three-year determinate term and an eight-year sentence with a four-year determinate term respectively, but after a period of retained

1

jurisdiction, suspended the sentences and placed McKnight-Owen on supervised probation for four years. McKnight-Owen pled guilty to unlawful possession of a firearm in Docket No. 40373 and the district court imposed a unified sentence of five years with one year determinate and retained jurisdiction. McKnight-Owen admitted to violating several terms of the probation in Docket Nos. 40367 and 40372, and the district court continued his supervised probation, extending the probation term by one additional year after successful completion of the retained jurisdiction period in Docket No. 40373. Following the period of retained jurisdiction in Docket No. 40373, the district court suspended McKnight-Owen's sentence and placed him on supervised probation for a period of five years. McKnight-Owen subsequently admitted to violating his probation and the district court consequently revoked probation in all three cases and ordered execution of the original sentences. McKnight-Owen filed an Idaho Criminal Rule 35 motion requesting that all three sentences be ordered to run concurrently and the district court granted that motion. McKnight-Owen appeals, asserting that the district court abused its discretion by revoking his probation and failing to sua sponte reduce the underlying sentences.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the

2

record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of McKnight-Owen's original sentences without reduction. Therefore, the orders revoking probation and directing execution of McKnight-Owen's previously suspended sentences are affirmed.