IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41327

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 592 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: June 25, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KENNETH JAY WHITLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Timothy L. Hansen, District Judge.

Order revoking probation and executing underlying sentence, affirmed; order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Kenneth Jay Whitley pled guilty to conspiracy to commit robbery, Idaho Code §§ 18-1701, 18-6501.  The district court imposed a unified sentence of fifteen years, with five years determinate, and retained jurisdiction.  Upon review of Whitley's period of retained jurisdiction, the district court suspended the sentence and placed Whitley on probation.  Subsequently, Whitley admitted to violating terms of his probation.  The district court revoked probation, executed the underlying sentence, and again retained jurisdiction.  After a period of retained jurisdiction, the district court suspended the sentence and placed Whitley back on probation.  Whitley later admitted to violating terms of his probation.  At the probation violation disposition hearing, Whitley orally moved for a reduction of his sentence under Idaho Criminal

1

Rule 35. The district court revoked probation, executed the underlying sentence, and denied Whitley's Rule 35 motion.

After filing this appeal, and before assignment to this Court, Whitley filed a motion to augment the record with additional transcripts. The State objected and the Idaho Supreme Court entered an order denying Whitley's motion.

On appeal Whitley argues that the Idaho Supreme Court denied him due process, equal protection, and effective assistance of counsel by denying his motion to augment the record. Whitley also contends that the district court abused its discretion by revoking probation and denying his Rule 35 motion for a sentence reduction.

## A. Denial of Motion to Augment Record

Whitley asks this Court to hold that the Idaho Supreme Court deprived him of due process, equal protection, and effective assistance of counsel when it denied his motion to augment the record. We do not, however, have the authority to review and, in effect, reverse an Idaho Supreme Court decision on a motion made prior to assignment of the case to this Court on the ground that the Supreme Court decision was contrary to the state or federal constitutions or other law. *See State v. Morgan*, 153 Idaho 618, 620, 288 P.3d 835, 837 (Ct. App. 2012). Such an undertaking would be tantamount to the Court of Appeals entertaining an appeal from an Idaho Supreme Court decision and is plainly beyond the purview of this Court. *Id.* If a motion is renewed by the movant and new information or a new or expanded basis for the motion is presented to this Court that was not presented to the Supreme Court, we deem it within the authority of this Court to evaluate and rule on the renewed motion in the exercise of our responsibility to address all aspects of an appeal from the time of assignment to this Court. *Id*. Such may occur if the appellant's or respondent's briefs have refined, clarified, or expanded issues on appeal in such a way as to demonstrate the need for additional records or transcripts, or where new evidence is presented to support a renewed motion. *Id.*

Whitley has not filed with this Court a renewed motion to augment the record or presented to this Court in his briefing any significant new facts or a new justification for augmentation beyond that already advanced in his motion to the Supreme Court. In essence, Whitley asks us to determine that the Idaho Supreme Court violated constitutional law by denying his motion.

2

We adhere to our conclusion in *Morgan* that reviewing the denial of a motion to augment the record by the Supreme Court is beyond the scope of our authority. If a party files a renewed motion after the case assignment to this Court and presents new information or justification for the motion, we have the authority to rule on the motion. Whitley had an opportunity to present his constitutional arguments to the Supreme Court and that Court denied his motion. He has no right to appeal that denial to the Idaho Court of Appeals, and we have no authority to consider such an appeal. As such, we will not address Whitley's attempt to distinguish his case from *Morgan*, based on his challenge to the length of the sentence, because it still falls within the challenge to the Idaho Supreme Court's denial of the motion to augment.

**B.      Revocation of Probation and Denial of Rule 35 Motion**

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation, a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues that are properly made part of the record on appeal. *Id*. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation. Therefore, the order revoking probation and executing Whitley's underlying sentence is affirmed.

3

A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Whitley's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Whitley's Rule 35 motion is affirmed.