**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 44995/45068**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2018 Unpublished Opinion No. 407** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  April 2, 2018** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **KRISTOPHER ERIK HOWELL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Deborah A. Bail, District Judge.

Orders revoking probation, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

These cases have been consolidated for purposes of appeal.  Kristopher Erik Howell pled guilty to one count of grand theft by possession of stolen property, Idaho Code §§ 18-2403(4), 18-2407(1), and 18-2409.  The district court imposed a unified sentence of seven years, with a minimum period of confinement of three years.  In a separate case, Howell pled guilty to one count of possession of methamphetamine, I.C. § 37-2732(c).  The district court imposed a unified sentence of seven years, with a minimum period of confinement of two years, to run concurrently with the grand theft sentence.  Following a period of retained jurisdiction in both cases, the district court suspended the sentences and placed Howell on probation.  Subsequently,

1

Howell admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentences. Howell filed an Idaho Criminal Rule 35 motion in the methamphetamine case, which the district court denied. Howell appeals, contending that the district court abused its discretion in revoking probation and in denying his Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or in ordering

execution of Howell's sentences without modification. Therefore, the orders revoking probation and directing execution of Howell's previously suspended sentences and the order denying his Rule 35 motion for reduction of sentence are affirmed.