772 P.2d 260

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James Albert ADAMS, Defendant–Appellant.**

**No. 17444.**

Court of Appeals of Idaho.

April 10, 1989.

Richard D. Toothman, Deputy Public Defender, Boise, for defendant-appellant.

Jim Jones, Atty. Gen. by Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

BURNETT, Judge.

James Albert Adams appeals from a district court order revoking his probation and directing execution of a previously suspended prison sentence. Two issues are presented: (1) whether Adams' conduct warranted the revocation of his probation; and (2) whether, upon revoking Adams' probation, the judge should have reduced the sentence rather than ordering it fully into execution. We affirm the district court's order.

The essential facts may be recited briefly. Upon a plea of guilty to forgery, Adams received a prison sentence of seven years. The judge specified a term of approximately one and one-half years as the minimum period of confinement. However, the judge suspended the prison sentence and placed Adams on probation for seven years, one of which would be spent in the Ada County jail. The judge informed Adams in open court that if he served the year in jail without violating any laws or jail rules, his probation might be discharged. Conversely, if Adams violated any laws or rules, the probation would be revoked and the prison sentence would be ordered into execution. Adams accepted these terms. Indeed, the probationary arrangement was more favorable to him than a presentence report had recommended. The presentence investigator, noting a pri- or conviction for armed robbery, had urged no probation for Adams.

Approximately two months after his commitment to the Ada County jail, Adams violated a rule prohibiting disrespect toward jail staff. He called one of the custodial officers a "fat fucker." No action was taken against Adams with respect to his probation, but a disciplinary infraction was noted and Adams was denied a holiday furlough. About one month later, Adams engaged in a verbal altercation with another custodial officer. He used such language as "fuck you ... suck my dick ... you punk, I'll bend you." As the district judge later determined, the word "bend" was a slang expression for anal intercourse. For this misconduct, the state moved to revoke Adams' probation. Although Adams claimed that the altercation had been provoked by the officer, the judge found otherwise. The probation was revoked and the original prison sentence was ordered into execution. This appeal followed.

In any probation revocation proceeding, the judge faces three potential issues. First, was a condition of probation actually violated? Ordinarily, this is a question of fact. Second, does the violation justify revoking the probation? This is a question addressed to the judge's sound discretion. Third, and finally, if probation is revoked, what prison sentence should be ordered? Specifically, if a prison sentence previously has been pronounced but suspended, should that sentence be ordered into execution or should the court order a reduced sentence as authorized by I.C.R. 35? This question, too, is one of discretion. In a given case, the parties may frame any one or all of these issues for the judge's consideration. *See generally, State v. Case,* 112 Idaho 1136, 739 P.2d 435 (Ct.App.1987), and *State v. Bell,* 103 Idaho 255, 646 P.2d 1026 (Ct.App.1982) (both cases addressing the first two questions). Here, Adams has conceded, for the purpose of this appeal, that he violated a term of his probation. His arguments focus on the latter two questions. We will discuss them in turn.

## I

■ Although Adams now admits that he violated his probation by making disrespectful and profane statements to a custodial officer, he contends that the violation was innocuous and did not warrant revocation of his probation. We acknowledge that a judge cannot revoke probation arbitrarily. *State v. Hancock,* 111 Idaho 835, 727 P.2d 1263 (Ct.App.1986). However, probation may be revoked if the judge reasonably concludes from the defendant's conduct that probation is not achieving its rehabilitative purpose. *State v. Mummert,* 98 Idaho 452, 566 P.2d 1110 (1977). Because the judge has first-hand familiarity with the defendant and his rehabilitative prospects, we apply no bright line rules to this issue. Instead, we defer to the trial court's decision unless an abuse of discretion is demonstrated.

■ As noted above, Adams was a dubious candidate for probation when the original sentence was pronounced and suspended. The judge created an in-jail form of probation, testing whether Adams was capable of conforming his behavior to certain rules of conduct and, therefore, was safe to release from incarceration. The judge stressed the importance of complying with the rules of the jail. Adams violated those rules twice.

Moreover, the second episode did not merely involve a casual profanity. Adams' words were pointed and abusive. Although some friction and profanity may be a fact of life in jail, Adams knew from his first disciplinary infraction that the rules could, and would, be enforced. He also knew, as an in-jail probationer, that his status was unique and that his conduct was being closely evaluated. He failed the evaluation. We find no abuse of discretion in the judge's decision to revoke probation.

## II

We now turn to Adams' contention that the seven-year prison sentence was excessive and should have been reduced. Before addressing the merits of this argument, we will clarify our scope of review. The state

has argued that if a sentence is pronounced but suspended, and no appeal is taken immediately from that judgment, the defendant has waived any claim that the sentence is excessive. Accordingly, the argument goes, when an appeal is later taken from an order revoking probation and directing the sentence to be executed, our scope of review is limited to facts and events *after* the sentence was originally pronounced. It takes little imagination to see that such a cramped scope of review would be a recipe for virtually automatic affirmance in most cases. Nevertheless, we acknowledge that some language in our prior decisions may have prompted the state to advance the argument made today. *State v. Tucker,* 103 Idaho 885, 655 P.2d 92 (Ct.App.1982); *State v. Hancock,* 111 Idaho at 839, 727 P.2d at 1267.

■ Accordingly, we take this opportunity to make it clear that when we review a sentence ordered into execution after probation has been revoked, we examine the entire record encompassing events before and after the original judgment. We adopt this scope of review for two reasons. First, the district judge, when deciding whether to order execution of the original sentence or of a reduced sentence, does not artificially segregate the facts into prejudgment and postjudgment categories. The judge naturally and quite properly remembers the entire course of events and considers all relevant facts in reaching a decision. When reviewing that decision, we should consider the same facts. Second, when a sentence is suspended and probation is granted, the defendant has scant reason, and no incentive, to appeal. Only if the probation is later revoked, and the sentence is ordered into execution, does the issue of an excessive sentence become genuinely meaningful. Were we to adopt the state's position that any claim of excessiveness is waived if not made on immediate appeal from the judgment pronouncing but suspending a sentence, defendants would be forced to file preventive appeals as a hedge against the risk that probation someday might be revoked. We see no reason to compel this hollow exercise. Nei-

ther do we wish to see the appellate system cluttered with such cases.

■ Therefore, we apply a comprehensive scope of review to the case at hand. Adams received a seven-year sentence. He could have received a fourteen-year term for the offense of forgery. *See* I.C. § 18–3604. Where a sentence is within statutory limits, we will not disturb it unless the record indicates the district judge abused his discretion. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982).

The forgery occurred when Adams used a stolen credit card to purchase merchandise. Adams also was charged with possession of stolen property, but that charge was dropped when Adams pled guilty to the forgery. As mentioned earlier in this opinion, Adams had a criminal history including an armed robbery. And, of course, he later violated the terms of his probation under the forgery judgment.

The district judge was well aware of the ramifications of ordering the original sentence into execution. He gave Adams credit for all time spent in jail, leaving less than one year to serve until completion of the minimum period of confinement. The judge noted that Adams might obtain parole relatively soon, depending on his behavior in prison.

Having reviewed the entire record, in light of the sentencing criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we conclude that the district judge did not abuse his discretion in declining to reduce the sentence earlier pronounced. We affirm the order revoking Adams' probation and directing execution of the suspended sentence.

WALTERS, C.J., concurs.

SWANSTROM, J., concurs fully in Part I and in the result of Part II.