**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43842**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 658** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: August 25, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **JUAN CERVANTES-VASQUEZ, aka** | ) | **THIS IS AN UNPUBLISHED** |
| **JUAN CERVANTES-VAZQUEZ,** | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Order revoking probation and execution of previously suspended sentence, affirmed.

Eric D. Fredericksen, Interim State Appellate Public Defender; Maya P. Waldron, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before MELANSON, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Juan Cervantes-Vasquez, aka Juan Cervantes-Vazquez, pled guilty to grand theft. I.C. §§ 18-2403(1), 18-2407(1)(b), and 18-2409. The district court sentenced Cervantes-Vasquez to a unified term of seven years, with a minimum period of confinement of three years. The district court suspended the sentence and placed Cervantes-Vasquez on probation. Cervantes-Vasquez admitted to violating the terms of his probation. The district court revoked probation, retained jurisdiction, and sent Cervantes-Vasquez to participate in the rider program. Following

1

successful completion of his rider, the district court again suspended the sentence and placed Cervantes-Vasquez on probation. Subsequently, Cervantes-Vasquez admitted to violating the terms of the probation, and the district court revoked probation and ordered execution of the original sentence. Cervantes-Vasquez appeals, contending that the district court abused its discretion in revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Cervantes-Vasquez's sentence. Therefore, the order revoking probation and directing execution of Cervantes-Vasquez's previously suspended sentence is affirmed.