# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46035

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JAMES EDWARD WHITMORE,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

Filed: February 13, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Order revoking probation and execution of previously suspended sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

James Edward Whitmore pled guilty to manufacturing a controlled substance. I.C. § 37-2732(a). In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Whitmore to a unified term of five years, with a minimum period of confinement of one year, but after a period of retained jurisdiction, suspended the sentence and placed Whitmore on probation. Subsequently, Whitmore admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Whitmore appeals, arguing that, although he admitted to violating the terms of his probation, the

1

district court abused its discretion by revoking his probation because probation was achieving its rehabilitative objective while providing for protection of society.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation or in ordering execution of Whitmore's sentence.  Therefore, the order revoking probation and directing execution of Whitmore's previously suspended sentence is affirmed.