# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50487

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

KEITH WILLIAM RABIDUE,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: December 27, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Keith William Rabidue pled guilty to two counts of battery on a law enforcement officer, Idaho Code § 18-915, and a misdemeanor charge of resisting and obstructing, I.C. § 18-705(1). In exchange for his guilty plea, additional charges were dismissed. The district court imposed consecutive, unified terms of four years with one and one-half years determinate for each count of battery on a law enforcement officer and awarded credit for time served for resisting and obstructing. After a period of retained jurisdiction, the district court suspended the sentences and placed Rabidue on probation. Subsequently, Rabidue admitted to violating the terms of the probation, and the district court continued his probation with a requirement that Rabidue complete outpatient treatment. Rabidue admitted to again violating his probation and the district

1

court retained jurisdiction. Several months later, the State filed a third probation violation and the district court found Rabidue violated his probation and consequently revoked probation and ordered his sentences executed. Rabidue appeals, contending that the district court abused its discretion by revoking probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering

2

execution of Rabidue's sentences.  Therefore, the order revoking probation and directing execution of Rabidue's previously suspended sentences is affirmed.