# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50655/50656

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

TAYLOR MORGAN SCHARER,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 8, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Peter G. Barton, District Judge.

Orders revoking probation and directing execution of sentences, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and MELANSON, Judge Pro Tem

---

PER CURIAM

In Docket No. 50655, Taylor Morgan Scharer pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c).  In exchange for her guilty plea, additional charges were dismissed.  The district court imposed a unified term of five years with two years determinate, suspended the sentence, and placed Scharer on probation for five years.  Subsequently, Scharer pled guilty to a new charge of possession of a controlled substance, I.C. § 37-2732(c) in Docket No. 50656.  In exchange for her guilty plea, an additional charge was dismissed.  Scharer also admitted to violating the terms of probation in Docket No. 50655 and the district court consequently revoked and reinstated Scharer's probation.  The district court further imposed a concurrent, unified term of five years with two years determinate in Docket No 50656,

1

suspended the sentence, and placed Scharer on probation for five years. Scharer later admitted to violating her probation and the district court revoked Scharer's probation and executed the previously imposed sentences.

As an initial matter, Scharer contends that the district court abused its discretion by indicating in the orders revoking probation that Scharer "admitted to allegation Nos. 1, 8 and 16."[1] However, Scharer only admitted to allegation No. 8. Scharer seeks remand contending that "it cannot be determined whether the district court would have revoked Ms. Scharer's probation absent its finding that she had entered admissions to allegations 1, 8, and 16, instead of just allegation 8." The State argues that the recitation error in the orders is a harmless scrivener's error. We agree. At the evidentiary hearing on the probation allegations, Sharer indicated that she would be entering admissions to all three allegations, but after a bench conference, the district court stated that it would be proceeding only on allegation No. 8. Scharer thereafter admitted allegation No. 8.

The matter proceeded to disposition and the district court revoked Scharer's probation without mention of allegation Nos. 1 or 16. Thus, there is no reason to believe that the district court was again operating under all three allegations when it revoked Scharer's probation. The error in the later-filed orders is a scrivener's error and harmless. *See State v. Temple*, 170 Idaho 148, 154, 508 P.3d 1222, 1228 (2022).

Further, Scharer contends that the district court abused its discretion in revoking probation and executing the underlying sentences. It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be

---

[1] Probation violation allegation No. 1 was for failing to submit to eleven urinalysis tests; allegation No. 8 was for using cocaine, and; allegation No. 16 was for failing to obtain approval to change residence.

2

executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Scharer's sentences without modification. Therefore, the orders revoking probation and directing execution of Scharer's previously suspended sentences are affirmed.