# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52582

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

PHILLIP WESTLEY POWERS,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**Filed: February 6, 2026**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Lamont C. Berecz, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

    Phillip Westley Powers pled guilty to grand theft, Idaho Code § 18-2403(4). In exchange for his guilty plea, additional charges were dismissed including an allegation that he is a persistent violator. The district court sentenced Powers to a unified term of fourteen years, with a minimum period of confinement of six years, but after a period of retained jurisdiction, suspended the sentence and placed Powers on probation. Approximately a year later, Powers admitted to violating the terms of probation and, in April 2024, the district court continued Powers on probation. In November 2024, Powers again admitted to violating the terms of probation, and the district court consequently revoked probation and ordered execution of the original sentence.

1

Powers filed an Idaho Criminal Rule 35 motion, which the district court denied.[1]  Powers appeals, contending that the district court abused its discretion in revoking probation.  Specifically, Powers asserts that the district court should have retained jurisdiction or continued him on probation.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction.  *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in either revoking probation or in ordering execution of Powers's sentence.  Therefore, the order revoking probation and directing execution of Powers's previously suspended sentence is affirmed.

---

[1]     On appeal, Powers does not challenge the district court's denial of his Rule 35 motion for reduction of sentence.