# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52290

| | |
|---|---|
| STATE OF IDAHO,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>JOSHUA CHA-RON JONES,<br><br>   Defendant-Appellant. | )<br>) **Filed: February 6, 2026**<br>)<br>) **Melanie Gagnepain, Clerk**<br>)<br>) **THIS IS AN UNPUBLISHED**<br>) **OPINION AND SHALL NOT**<br>) **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Order revoking probation, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

———————————————

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

———————————————

PER CURIAM

  Joshua Cha-Ron Jones pled guilty to driving under the influence (Idaho Code § 18-8004).[1] The district court sentenced Jones to a unified term of ten years, with a minimum period of confinement of three years, but after a period of retained jurisdiction, suspended the sentence and placed Jones on probation. Subsequently, the State filed a petition to revoke probation alleging Jones violated the terms of probation. Following an evidentiary hearing, the district court found Jones violated probation, and consequently revoked probation and ordered execution of the

---

[1] Jones also pled guilty to and was sentenced for resisting or obstructing officers. Jones does not challenge this conviction or sentence on appeal.

1

original sentence. Jones appeals, contending that the district court abused its discretion in revoking probation and executing his underlying sentence.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Jones's sentence. Therefore, the order revoking probation and directing execution of Jones's previously suspended sentence is affirmed.