# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 46465/46466

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JORGE ARMANDO GONZALES
BARRAGAN,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed:  June 20, 2019

Karel A. Lehrman, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Stephen S. Dunn, District Judge.

Judgment of conviction and unified sentence of five years with three years determinate for felony driving under the influence of alcohol and/or drugs and order revoking probation, <u>affirmed</u>; judgment of conviction and concurrent unified sentence of six years with three years determinate and two-year driver's license suspension, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

These cases are consolidated for appeal.  In 2017, Jorge Armando Gonzales Barragan pled guilty to felony driving under the influence of alcohol and/or drugs, Idaho Code §§ 18-8004, 18-8005(6).  The district court withheld judgment, suspended the sentence, placed Gonzales Barragan on probation, and suspended his driver's license for two years "beginning from the date of the sentence."  Subsequently, in 2018, Gonzales Barragan admitted to violating

1

the terms of the probation by incurring another charge of felony driving under the influence of alcohol and/or drugs. Gonzales Barragan pled guilty, and the district court consequently revoked the withheld judgment in the 2017 case and imposed a unified sentence of five years with three years determinate. In the 2018 case, the district court imposed a concurrent, unified sentence of six years with three years determinate and suspended Gonzales Barragan's driver's license for two years. Retained jurisdiction was ordered in both cases. Gonzales Barragan appeals, contending that the district court abused its discretion in revoking his withheld judgment, executing his sentence, and retaining jurisdiction in the 2017 case and in imposing sentence, retaining jurisdiction, and suspending his driver's license in the 2018 case.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601. A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id.*

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-

73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Morgan*, 153 Idaho at 621, 288 P.3d at 838.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking the withheld judgment, imposing sentence and retaining jurisdiction in the 2017 case or in ordering execution of Gonzales Barragan's sentence, retaining jurisdiction, and imposing a two-year driver's license suspension in the 2018 case. Therefore, the judgment of conviction and sentence and order revoking probation in the 2017 case and the judgment of conviction and sentence in the 2018 case are affirmed.