**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50400**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: May 29, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANGELA RAE THOMPSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K.C. Meyer, District Judge.

Order revoking probation and order denying Idaho Criminal Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Angela Rae Thompson pled guilty to two counts of possession of a controlled substance, Idaho Code § 37-2732(c)(1). On February 26, 2019, the district court imposed concurrent, unified sentences of five years, with a minimum period of incarceration of two years, but after a period of retained jurisdiction, suspended the sentence and placed Thompson on probation. Subsequently, Thompson admitted to violating the terms of the probation, and on January 22, 2020, the district court consequently revoked probation, ordered execution of the original sentences, but once again, retained jurisdiction. After the period of retained jurisdiction, the district court placed Thompson on a term of probation. Thompson admitted to violating the terms of probation once again, and on

1

January 6, 2022, the district court ordered Thompson to serve six days in jail before being released on probation with an additional term of probation to apply for Drug Court. Thompson again admitted to violating the terms of her probation, and on July 12, 2022, the district court continued her on probation with additional terms. Thompson admitted to violating the terms of probation again, and on December 1, 2022, the district court revoked probation and executed the previously suspended sentence. Thompson filed an Idaho Criminal Rule 35(b) motion to reduce her sentence. Following a hearing, the district court denied Thompson's Rule 35 motion. Thompson appeals, contending that the district court abused its discretion in revoking probation and denying her Rule 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*. Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Thompson's previously suspended sentence.

Next, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d

23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Thompson's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the order revoking probation and directing execution of Thompson's previously suspended sentence and the order denying Thompson's Rule 35 motion are affirmed.