**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51286 & 51287**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: March 11, 2025** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| JOSHUA LEON AMOTH, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Lamont C. Berecz, District Judge.

Order revoking probation and execution of previously suspended sentence in Docket No. 51286, and judgement of conviction and unified sentence of six years, with a minimum period of incarceration of one year for possession of a controlled substance in Docket No. 51287, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51286, Joshua Leon Amoth pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of three years, with a minimum period of incarceration of one year, suspended the sentence and placed Amoth on a term of probation. Subsequently, Amoth admitted to violating the terms of the probation, which included receiving new criminal charges in Docket No. 51287. In Docket No. 51286, the district court revoked Amoth's probation

1

and executed the previously suspended sentence. In Docket No. 51287, Amoth entered an A*lford*[1] plea to felony possession of a controlled substance, I.C. § 37-2732(c)(1). The district court imposed a unified sentence of six years, with a minimum sentence of incarceration of one year, to run concurrently with his sentence in Docket No. 51286.

Amoth appeals, asserting the district court abused its discretion in Docket No. 51286 by revoking probation and executing his underlying sentence. In Docket No. 51287, Amoth asserts the district court abused its discretion in sentencing and should have imposed a lesser sentence.

First, it is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.* Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal. *Morgan*, 153 Idaho at 621, 288 P.3d at 838. Applying the foregoing standards, and having reviewed the record in Docket No. 51286, we cannot say that the district court abused its discretion ordering execution of Amoth's previously suspended sentence.

Next, sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). That discretion includes the trial court's decision regarding whether a defendant should be placed on probation and whether to retain jurisdiction. I.C. § 19-2601(3), (4); *State v. Reber*, 138 Idaho 275, 278, 61 P.3d 632, 635 (Ct. App. 2002); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). After reviewing the record in Docket No. 51287, the case shows that the district court properly considered the information before it and determine that the district court did not abuse its discretion in sentencing.

Therefore, the district court's order revoking probation and execution of Amoth's previously suspended sentence in Docket No. 51286, and the judgment of conviction and sentence in Docket No. 51287 are affirmed.