**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52865 & 52866**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: January 30, 2026** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| JOHN THOMAS SCHWARTZ, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Butte County. Hon. Darren B. Simpson, District Judge.

Order revoking probation and ordering execution of previously suspended sentence in Docket No. 52865, <u>affirmed</u>; judgment of conviction and concurrent unified sentences of five years, with a minimum period of incarceration of one year, for two counts of unlawful possession of a firearm in Docket No. 52866, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In Docket No. 52865, John Thomas Schwartz pleaded guilty to felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1), and entered an *Alford*[1] plea to misdemeanor domestic battery, I.C.§ 18-918(3)(b). In exchange for his guilty plea, an additional misdemeanor charge was dismissed, and the State agreed not to file any additional charges or pursue a persistent violator sentencing enhancement. For the felony possession charge, the district court imposed a unified sentence of six years, with a minimum period of incarceration of two

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

years, and for the misdemeanor domestic battery charge, the district court imposed a sentence of 180 days in county jail, with the sentences to run concurrently. After a period of retained jurisdiction, the district court suspended the sentence and placed Schwartz on probation.

While on probation, Schwartz received new criminal charges in Docket No. 52866. Schwartz admitted to violating the terms of the probation in Docket No. 52865, and the district court consequently revoked probation and ordered execution of the original sentence. In Docket No. 52866, Schwartz pleaded guilty to two counts of unlawful possession of a firearm, I.C. § 18-3316, and for each count, the district court imposed concurrent unified sentences of five years, with a minimum period of incarceration of one year. The district court ordered the sentences in Docket No. 52866 to run consecutively to the sentence in Docket No. 52865.[2] Schwartz appeals, contending that the district court abused its discretion in revoking probation in Docket No. 52865 and that the sentences in Docket No. 52866 are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

---

[2] In each case, Schwartz filed an Idaho Criminal Rule 35, which the district court denied. Schwartz does not challenge the denial of his I.C.R. 35 motions on appeal.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Schwartz's suspended sentence in Docket No. 52865 or by imposing the sentence in Docket No. 52866. Therefore, the order revoking probation and directing execution of Schwartz's previously suspended sentence in Docket No. 52865 and the judgment of conviction and sentences in Docket No. 52866 are affirmed.