**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52904**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  March 3, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| DREXELL JOHN UTLEY, JR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Caribou County.  Hon. Cody L. Bower, District Judge.

Order revoking probation and ordering execution of underlying sentence, affirmed; order denying Idaho Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Drexell John Utley, Jr. pleaded guilty to felony possession of a controlled substance, fentanyl, Idaho Code § 37-2732(c)(1).  In exchange for his guilty plea, the State agreed to not pursue any sentencing enhancements, not pursue probation violations in a previous case, and dismiss a separate case in its entirety.  The district court imposed a unified sentence of six years, with a minimum period of incarceration of three years, suspended the sentence and placed Utley on probation.  Subsequently, Utley admitted to violating terms of the probation, and the district court revoked probation and retained jurisdiction.  After a period of retained jurisdiction, the district court suspended the sentence and placed Utley on probation for an additional five years. Utley was found to have violated terms of the probation again, and the district court consequently

1

revoked probation and ordered execution of the original sentence. Utley filed an Idaho Rule 35 motion, which the district court denied. Utley appeals, asserting the district court abused its discretion in revoking probation and denying Utley's I.C.R. 35 motion.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. I.C. § 19-2601(4). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal. *Id*.

Next, we review whether the district court abused its discretion in denying Utley's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Utley's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in revoking probation and ordering execution of

2

Utley's sentence, or in denying Utley's I.C.R. 35 motion.  Therefore, the order revoking probation and directing execution of Utley's previously suspended sentence and denial of Utley's I.C.R 35 motion are affirmed.