**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 52197 & 52198**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: March 24, 2026** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RANDY SCOTT RIGBY, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Michael J. Whyte, District Judge.

Order revoking probation and ordering execution of previously suspended sentence in Docket No. 52197, <u>affirmed</u>; judgment of conviction and concurrent unified sentence of five years, with a minimum period of incarceration of two years, for felony possession of a controlled substance in Docket No. 52198, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

———————————————

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

———————————————

PER CURIAM

In Docket No. 52197, Randy Scott Rigby pleaded guilty to aggravated battery, Idaho Code § 18-907(1)(b). In exchange for his guilty plea, additional charges were dismissed and the State agreed not to add a sentencing enhancement for the use of a deadly weapon. The district court imposed a unified sentence of eight years, with a minimum period of incarceration of three years, but after a period of retained jurisdiction, suspended the sentence and placed Rigby on probation. While on probation, Rigby received new criminal charges in Docket No. 52198. Pursuant to a global plea agreement, Rigby admitted to violating terms of the probation in

1

Docket No. 52197 and pleaded guilty to felony possession of a controlled substance, I.C. § 37-2732(c)(1), in Docket No. 52198.[1]  Consequently, the district court revoked probation and ordered execution of the original sentence in Docket No. 52197 and imposed a concurrent unified sentence of five years, with a minimum period of incarceration of two years, in Docket No. 52198.  Rigby appeals, contending that the district court abused its discretion in revoking probation in Docket No. 52197 and that the sentence in Docket No. 52198 is excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation has been violated.  I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988).  In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society.  *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717.  The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under I.C.R. 35 to reduce the sentence.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989).  The court may also order a period of retained jurisdiction. I.C. § 19-2601(4).  A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion.  *Beckett*, 122 Idaho at 325, 834 P.2d at 327.  In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation.  *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012).  Thus, this Court will consider the elements of the record before the trial court relevant to the revocation of probation issues which are properly made part of the record on appeal.  *Id*.

Next, sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When

---

[1]     In Docket No. 52198, Rigby also pleaded guilty to possession of drug paraphernalia, Idaho Code § 37-2734A, and was sentenced to credit for time served.  Rigby is not challenging this sentence on appeal.

reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying the foregoing standards, and having reviewed the records in these cases, we cannot say that the district court abused its discretion in revoking probation and ordering execution of Rigby's sentence in Docket No. 52197, or by imposing sentence in Docket No. 52198. Therefore, the district court's order revoking probation and directing execution of Rigby's previously suspended sentence in Docket No. 52197 and the judgment of conviction and sentence in Docket No. 52198 are affirmed.